### POTTER and another *vs.* DEYO.

In an action for the penalty given by statute for selling strong or spirituous liquors without license, it is not necessary for the prosecutor to prove the disqualification; the onus probandi lies upon the defendant.

On certiorari removing a cause from a justice's court to the common pleas, an objection not taken in the court below cannot be urged in reversal of the judgment; especially where on the trial in the court below, a course of defence is adopted calculated to mislead the justice, and to induce him to suppose that there is no other question for consideration than that raised before him.

ERROR from the Tompkins common pleas. The plaintiffs in error, as overseers of the poor of Ithica, sued Deyo before a justice, and declared in debt for a penalty of $25 for selling strong or spirituous liquors without having obtained a *license.* 1 R. S. 680, § 15. Plea, the general issue. On the trial the plaintiffs called two witnesses and proved that the defendant had sold whiskey. One of the witnesses said that on calling for liquor on a particular oc-

NEW YORK, casion, the defendant refused to sell, and said he was
May, 1838. threatened to be complained of. When the evidence closed
Potter the defendant moved for a nonsuit, because no *place* was
v. proved where the liquor was sold. The plaintiff then
Deyo. recalled one of the witnesses and proved the *place*. The
parties submitted the case to the justice who gave judgment
for the plaintiffs. Deyo brought a *certiorari* to the com-
mon pleas, where the judgment was *reversed*, the court
assigning, in the record, as the sole reason for its judg-
ment, " that the plaintiffs below did not prove, nor did it
otherwise appear before the justice, that the defendant
*had not a license* to retail strong and spirituous liquors or
wines within the town of Ithica." The *overseers* now
bring error. The cause was submitted on written argu-
ments.

*S. B. Cushing*, for the plaintiffs in error, relied principally
upon the cases of *Spieres* v. *Parker*, 1 T. R. 144, and *Shel-
don* v. *Clark*, 1 Johns. R. 513 ; in the first case Lord Mans-
field remarked that there is a settled distinction between a
*proviso* in the description of the offence, and a subsequent
*exemption* from the penalty under certain circumstances.
If the former the plaintiff must, as in actions upon the game
laws, aver a case which brings the defendant within the act ;
therefore he must in his declaration negative the exceptions
in the enacting clause, *though he throw the burden of proof
on the other side*. In the second case, which was a suit for
a penalty for practising medicine without a compliance with
the requirements of the statute on that subject, a judgment
of a justice was sustained although it did not appear that
any proof had been given that the defendant was not quali-
fied ; indeed the court appear to have founded their judg-
ment upon the ground that the defendant had not brought
himself within any of the provisoes of the act by *pleading* or
*evidence*.

*S. Love*, for defendant in error, insisted that the plaintiffs
were bound to prove the allegation that the defendant *had
sold without license,* although it was requiring them to prove

a negative. The negative here was such as must be shown. 1 Phil. Ev. 158. 2 Campb. 654. 1 Kent's Comm. 463. 3 Caines' R. 137. The latter case has been overruled in 3 Johns. R. 438, but the *principle* was not disturbed, *vide* note to 1 Caines, 486, 2d ed. In *Picket* v. *Weaver*, 5 Johns. R. 122, it is manifest the negative was proved. So also in *Blatchley* v. *Moser*, 15 Wendell, 215. It is admitted where the existence of the qualification is *peculiarly* within the knowledge of the defendant it is not necessary for the plaintiff to show the want of the qualification, Petersdorff Abr. tit. Penal Statutes, p. 207 ; but where the absence of the qualification can readily be proved the rule is different, 1 Phil. Ev. 158, as above. The evidence of the granting of licenses remains in the clerk's offices of the several towns, 1 R. S. 678, § 2, and the non-existence of a license in a particular case can therefore easily be proved.

*By the Court*, BRONSON, J. The statute gives a penalty of $25 for selling strong or spirituous liquors without having a license. 1 R. S. 680, § 15. Whether the defendant had a license or not, was a matter peculiarly within his knowledge, and I think the *onus probandi* lay upon him. This is like an action to recover penalties under the *game laws*, where, although the plaintiff must aver in pleading that the defendant was not qualified, it is enough for him to prove the killing of game, and it lies with the defendant to prove that he was qualified. *Spieres* v. *Parker*, 1 T. R. 144, per Lord Mansfield. *Jelfs* v. *Ballard*, 1 Bos. & Pull. 468, per Buller, J. and Heath, J. *R.* v. *Stone*, 1 East, 651, per Grose, J. and Le Blanc, J. It is a general rule of evidence that the *onus probandi* lies on the person who wishes to support his case by a particular fact, of which he is supposed to be cognizant. *Dickson* v. *Evans*, 6 T. R. 60, per Ashhurst, J. There are many cases where a party is not bound to prove all that he is required to allege in pleading. Where the defendant pleads infancy, and the plaintiff replies that he promised *after* he attained the age of 21, it is enough for the plaintiff to prove a promise, and it lies with the defendant to show that he was under age at the time the promise was

made. *Borthwick* v. *Carruthers*, 1 T. R. 648. The case at bar is much like that of *The Apothecaries' Co.* v. *Bentley*, 1 Ry. & Mood. 159. That was an action for a penalty on the statute of 55 Geo. 3, c. 194, for practicing as an apothecary without having obtained the certificate required by law ; and Abbott, C. J. held that the plaintiffs were entitled to recover without proving that the defendant had not obtained a certificate. The cases where the negative charged consists of a criminal neglect of duty, and where the law presumes innocence, depend on a different principle. *Williams* v. *East India Co.*, 3 East, 192. *Rex* v. *Rogers*, 2 Campb. 654.

There is a further reason why the judgment of the justice should not have been disturbed. The objection on which the common pleas proceeded, was not taken on the trial.* The defendant not only omitted to allege this supposed defect of proof at the time when it might have been supplied, but he took a course calculated to mislead the justice. When the plaintiffs rested, the defendant moved for a nonsuit on the particular ground that the plaintiff had not proved *in what place* the liquor was sold. As no other objection was made, the justice might very well suppose that this was all the question that the defendant intended to raise upon the evidence. The specified defect was immediately supplied and then the case was submitted to the justice, and he gave judgment for the plaintiffs. As a general rule, a party cannot have a review for an omission in the proofs of his adversary, which could have been supplied had it been pointed out at the proper time : and clearly he should not be heard to allege such a matter for error, where by making a specific objection he may have induced the court to suppose that there was no other question for its consideration. The judgment of the common pleas must be reversed, and that of the justice affirmed.

Ordered accordingly.

---

* Sed vide *Pike* v. *Gandall*, 9 Wendell, 153. Reporter.