## SMITH vs. HILL.

A purchaser of goods sold on execution has such an actual or constructive possession as will entitle him to maintain an action against a trespasser.

Where a defendant, on a trial before a justice, omits to raise the objection that there is a lack of the evidence necessary to sustain the plaintiff's case, and it is assumed on such trial, that the proof is complete, this court, on appeal, will hold that it was sufficient.

Where a party forbids the sale of personal property, on execution, upon the sole ground that the property is *exempt* from sale, this will be considered a virtual admission that the execution and sale are *in other respects* legal and valid.

Where, upon a trial before a justice, it is taken for granted that an execution and sale were valid, and the defense is placed upon other grounds, particularly specified, the defendant will not be allowed, on appeal, to change his ground, and rely upon objections to the execution and sale which, if taken at the proper time, might have been obviated.

The claim that property levied on and sold upon execution is *exempt* from execution, is a claim personal to the defendant in the execution; and he, only, can avail himself of the privilege.

An assignee of the judgment debtor, although claiming under a general assignment which does not except exempt property, cannot claim property as exempt from execution, after having stood by at the time of the sale thereof on execution, and made no claim to the property as assignee.

The presumption is that a sheriff, selling property on execution, has done his duty and previously made a levy. And this fact will be considered as admitted, if a party omits to raise the objection on the trial.

Where a sheriff has executions in his hands in favor of different creditors, against the same debtor, whatever is said by either creditor, especially in the presence of the other, at the sale, by way of direction to the sheriff, is proper evidence.

A witness, testifying that he knows a particular stove, and is acquainted with the value of stoves, is within the rule which authorizes a witness to fix a value upon property.

THIS action was originally brought in a justice's court of Clinton county, to recover the value of a stove and pipe alleged to have been taken by the defendant and converted to his own use. On the trial, the plaintiff proved by A. Shippee, sheriff of the county of Clinton, that in June, 1851, he, as such sheriff, sold all the personal property of Samuel N. Hill, a brother of the defendant, principally upon an execution in favor of the defendant against Samuel; that when it was proposed to sell the stove in question the defendant objected, and said he would

not sell it, as it was exempt property. The plaintiff then told the sheriff to sell it on his execution; that he had such an execution, dated June 2, 1851, and produced one which appeared to have been dated and issued in September, 1851. It recited that one had been previously issued and withdrawn. The witness sold the stove on the plaintiff's execution for $5, the plaintiff being the purchaser; and the amount of the bid was indorsed upon the execution, but not until about the time of the trial. The sheriff, however, testified that the amount was to be credited at the time of the sale, on said execution. He supposed it was indorsed on the execution at the time, but on discovering that it was not, the plaintiff indorsed it, the day the cause was tried. The defendant's counsel asked the witness if Samuel W. Hill was a householder, and a man of family, at the time of sale. The question was objected to, but the court permitted the witness to answer, and he testified that Samuel was a householder, had a family, and lived in the house where the stove was sold, and that it was set up for use at the time of the sale. Another witness testified that he was clerk of the sale, and when the stove was put up and before it was sold, he forbade the sale, on behalf of Samuel W. Hill, as exempt property. S. W. Hill was sick at the time. The witness forbade the sale at the request of the defendant, who appeared to be acting for Samuel at the time. This testimony was objected to by the plaintiff as immaterial, but it was admitted by the court. A witness testified that he knew the stove, and was acquainted with the value of stoves. On being asked the value of this stove, the question was objected to, on the ground that the witness had not shown himself sufficiently qualified to answer. The court overruled the objection, and the witness having described the stove, answered that it was worth $12, with the pipe. The defendant removed the stove some time afterwards, with other property of S. W. Hill. The plaintiff proposed to show by a witness who was present at the sale, that the defendant declined to have the stove sold on his execution, and that the plaintiff then said to the sheriff, in the presence of the defendant, " Do you sell the stove on my execution, and I will indemnify you." And that the

sheriff did accordingly sell it on the plaintiff's execution, and the plaintiff bid it off. This offer, and proof of all that the plaintiff said in the presence of the defendant, to the sheriff, the defendant objected to, on the ground that it was calling for the declarations of the plaintiff to a third person, which were not admissible ; and that the testimony was irrelevant and improper. The court overruled the objection, and the witness testified to the facts stated in the offer. The witness further testified that, on the joining of issue in this suit, the defendant said he would not have removed the stove, but that he had spoken to the plaintiff two or three times about taking it away, and he had given him no answer.

The defendant produced the record of an assignment from S. W. Hill to himself, of all the assignor's real and personal property, purporting to bear date the 4th day of June, 1851, and proved, and recorded in the clerk's office of Fulton county on the 5th day of June, 1851. No possession was shown to have been ever taken under this assignment, except by the removal of the stove. The testimony was objected to by the plaintiff, but admitted by the court.

The cause was tried by a jury, who found a verdict for the plaintiff for $12 damages, for which, with costs, the justice on the same day rendered judgment, but did not enter the judgment in his docket until the next day. The county court reversed the judgment of the justice, and the plaintiff appealed to this court.

*A. McFarlan,* for the plaintiff.

*Fraser & Stewart,* for the defendant.

*By the Court,* C. L. ALLEN, P. J. The plaintiff, by the sale, showed himself in the actual or constructive possession of the property in question, and that was sufficient to entitle him to maintain the action, as against the defendant. (8 *John.* 432. 11 *id.* 285. 12 *Wend.* 39.) It is objected that no judgment was shown or proved, on which the executions, or either of them,

issued; or when a levy was made; or that the property was ever advertised for sale. None of these objections were taken on the trial, where, if taken, they might have been obviated. On the contrary, it appears to have been then assumed that the executions were valid, and founded on good judgments; and the court, in the absence of all such objections, must so hold. (*See* 21 *Wend.* 305; 10 *id.* 167.) The sheriff testified, without objection, that he sold the stove and pipe on the plaintiff's execution, and that the plaintiff bid it off. The sale, it is true, was forbidden, but upon the sole ground that the stove was *exempt property ;* thus virtually admitting the execution and sale to have been, *in other respects,* legal and valid. Besides, it was proved that the defendant himself said, before removing the property, that he should not have done it, but he had spoken to the plaintiff, two or three times, about it, and could get no answer. This was an acknowledgment, as the jury had a right to infer, of possession in the plaintiff. (14 *John.* 126.) And the defendant was not in a condition to avail himself of any irregularities on the part of the sheriff, in making the sale. (*See* 19 *Wend.* 361.) The same remarks are applicable to the objection that the execution produced was not issued until the 16th of September, 1851, and that therefore no sale under it could have taken place in June previous. Some mistake undoubtedly existed in relation to the execution, but it was not required to be explained on the trial, as it undoubtedly might have been, if the attention of the party or the court had been called to it. The sale and execution both seem to have been taken for granted as valid, as already observed, and the defense placed upon the particular grounds taken as specified in the return. The defendant is not at liberty to change his ground, and rely upon objections which, if taken at the proper time, might have been obviated. He took a course on the trial calculated to mislead the justice if he intended to rely upon the ground which he now presents; and the justice might well have supposed that none, other than those urged before him, were intended to be raised. (*Potter* v. *Deyo,* 19 *Wend.* 361, 364.) Whether the stove and pipe were exempt from execution or not, was not a

question proper to be agitated on the trial. That was a claim personal to the defendant in the execution, Samuel W. Hill; and he only could avail himself of the privilege. (*Earl* v. *Camp*, 16 *Wend.* 571. *Mickles* v. *Tousley*, 1 *Cowen*, 114.)

But it is urged that the defendant was the assignee of Samuel W. Hill, and therefore could claim the stove and pipe in that capacity, inasmuch as the assignment did not except property exempt from execution. It may be remarked, in answer to this argument, 1. That no such defense was set up in the answer; and 2. That the defendant stood by at the time of the sale, and made no claim to the property as *assignee*, admitting that the assignment had been made previously to that time. He was selling Samuel's property, at the *very time*, under his own execution, and only declined to sell the stove and pipe because it was exempt property, and distinctly stated his objection to the sale, on that ground alone. He cannot now be permitted to change his ground, as before shown. (*See* 1 *Comst.* 496; 3 *Hill*, 215; 6 *id.* 534 *to* 537.) But it did not appear that the assignment was made before the levy, and the jury seems to have found so, as a matter of fact. (*See* 4 *Denio*, 171; 2 *R. S.* 317, § 5; 4 *Comst.* 581 *to* 599.) It is said there is no proof of levy. The presumption is that the sheriff did his duty, and levied before the sale, and so the defendant admitted on the trial, by making no objection. No possession whatever was proved to have been taken, under the assignment—not even a delivery of it or the property; and in my judgment it formed no defense to the action, even if properly admitted in evidence. (6 *Wend.* 581, *and various other cases.*)

But it is contended that the justice erred in allowing the witness to testify to the directions of the plaintiff to the sheriff, in the presence of the defendant, to sell the property in question. It is believed that this testimony was properly received. It was not giving in evidence the declarations of the plaintiff in his own favor. It was a direction (accompanied with an act) at the time of the sale. The defendant had declined to sell the stove and pipe on his execution. The plaintiff then turned to the sheriff, and directed him to sell under his execution, which

Smith *v.* Hill.

was probably younger than the defendant's, and the sheriff did so; the defendant being all the time present, and knowing, therefore, that the plaintiff purchased the property at that time and under what circumstances, and making no objection, at the time, or claim, either under the assignment or under his own execution, but waiving all claims, and estopping himself, thereby, from making them afterwards. The testimony was, in my judgment, eminently proper. The sheriff was acting under the directions of both parties, who had executions in his hands; and what was said by either, especially in the presence of the other, was proper evidence.

Another ground of defense is, that the justice erred in receiving the evidence of the value of the property. I think the witness brought himself within the rule which authorizes a witness to fix a value upon property, and that the evidence was properly received. (5 *Denio*, 84. 23 *Wend.* 353.)

On the whole, the questions were principally of fact, and the finding of the jury, on testimony submitted on both sides, should be conclusive and prevail. (18 *Wend.* 141. 5 *Barb.* 289. 15 *Wend.* 490.)

I can perceive no good reason for disturbing the verdict, and the judgment of the county court must be reversed, and that of the justice affirmed, with costs.

[CLINTON GENERAL TERM, September 9, 1856. *C. L, Allen, Paige, James* and *Rosekrans*, Justices.]