James, J.
The objection that the Court of Sessions as organized had no authority or jurisdiction to try the prisoner, was not well taken. The Constitution (Art. 6, § 14) declares that “ the County Judge with two Justices of the Peace, to be *296 designated by law, may hold courts of sessions,” &c. The County Judge and two Justices of the Peace constituted this court. But it is insisted that the justices designated were not qualified according to law, because chapter 280, section 14 of the Laws of 1847, as amended by chapter 470, section 34 of the laws of the same year declare that no Justice of the Peace . shall be designated as Justice of the Sessions unless he shall be entitled to serve as a Justice of the Peace during such year by virtue of the election under which he shall be acting as such justice at the time of his designation; and neither of the persons who sat on the trial of this cause as justices were within the requirement.
A sufficient answer to this objection is, that Brown and Eichardson, if not Justices of the Sessions de jure, were at least Justices of the Sessions de facto, with color of legal title; and, as was said by Bronson, J., in the People v. White (24 Wend., 525), “ no principle is better settled than that the acts of such persons are valid when they concern the public, or the rights of third persons who have an interest in the act done.” It would be impossible to maintain the supremacy of the laws if individuals were at liberty, in this collateral manner, to question the authority of those who, in fact, hold public offices under color of legal title.
But conceding Brown and Eichardson as not eligible to designation as Justices of the Sessions, their selection as such was not, as the appellant’s counsel seems to suppose, a violation of the Oonstitution. The Constitution only requires that Justices of the Sessions shall be Justices of the Peace. The power to provide the mode of designation rested with the legislature, which might be declared by general, or special laws. The requirement that persons selected as Justices of the Sessions should have a certain period to serve as Justices of the Peace when designated, was imposed by the statute and not by the Constitution. Being a legislative requirement, the legislature had the power to modify or repeal it as to the whole State, or as to any single county thereof; and having modified it as applicable to Otsego county for the year 1860, the designation *297 of Brown and Richardson was lawful, and those persons were Justices of Sessions de jure, as well as de facto.
The act of modification declared that said justices might take the oath of office prescribed by the Constitution before the first day of March, 1860, and it was further objected that it was not shown they had done so. The proof rested upon the prisoner; and in the absence of proof to the contrary, the presumption is that officers, acting as such, have taken the proper oath. (1 Hill, 159; 21 Wend., 47; 3 Hill, 75; 22 Barb., 656.) But Justices of the Sessions are not required either by the Constitution or the statute to take any official oath. They take the oath of office as Justice of the Peace. On being designated they take their seats as Justices of the Sessions, by virtue of their office of Justice of the Peace. A further answer is, that this point was not made on the trial, and, as it might have been obviated by proof, it cannot be raised on this appeal. (2 Kern., 486.)
All the eight counts in the indictment related to the same offence or criminal transaction. The first, second, third and sixth counts charged the prisoner with an assault and battery with intent to kill; the fourth and fifth counts with an assault and battery with intent to maim; and the seventh and eighth counts with an assault and battery with a sharp and dangerous weapon to do bodily harm. The offences charged in the seventh and eighth counts are given by the Laws of 1854, chapter 74, and it is therein declared that upon any indictment against any person for an assault with intent to kill, it shall and may be lawful for .the jury to find such accused person guilty of an assault according to the provisions of said act.
But there is no objection to a prisoner being charged with the same offence in different ways, by several counts in the same indictment in order to meet the facts of the case (Barb. Cr. Law, 340; 12 Wend., 425); and it is a matter entirely within the discretion of the court whether it will compel the prosecutor to elect upon which count he will proceed. (3 Hill, 169; 1st Park. Cr. R., 154.) Such election can only be claimed *298 on motion, when the several counts charge separate and distinct offences.
The prosecutor, at the close of the case, having withdrawn from the consideration of the jury all the counts but the seventh and eighth, the prisoner could only be convicted under one or both of these counts. The finding of the jury as first rendered to the court was not in the language of the statute nor in the language of either count, and perhaps did not show> that any offence had been committed. ' At all events, the court did right to refuse the verdict, and send the jury back with instructions to respond to the counts under which the cause was submitted to them.
Whether, or not, the evidence was sufficient to show that the weapon used by the prisoner was sharp or dangerous, or that it was the intent of the prisoner to do bodily harm with a sharp and dangerous weapon was solely, a question of fact for the jury, and cannot be reviewed in this court.
None of the exceptions made by the prisoner were well taken, and therefore the judgment below is affirmed.
All the judges concurring, '
Judgment affirmed.