### THE MANUFACTURERS' AND TRADERS' BANK v. MORRIS HAZARD, impleaded, &c.

Where M. H., the endorser of a note, wrote his name in the usual manner, and in good faith, in making the indorsement, using the initial only for his christian name, but it was written in such a manner that a person not acquainted with the endorser's christian name would read it A. C. instead of M., and the notary who protested the note read it A. C. and addressed the notice of protest to A. C. H.; *Held,* that the mistake in addressing the notice was directly attributable to the manner and form of the endorser's hand writing in making the endorsement; that the notice sent was a good notice, in law, to the endorser, and that he could not make the mistake which he had thus occasioned available, to shield himself from liability.

And the notice having actually come to the endorser, though after a delay of several days; *Held,* that it was a good notice to charge him, notwithstanding the delay and the erroneous address.

Reasonable diligence is all that is required, in any case; and where a plaintiff acts upon what the defendant appears to have written plainly upon the instrument, that is reasonable diligence, and he is not bound, as between them, to go beyond that, and make inquiries.

It is not necessary to an equitable estoppel that the party should design to mislead. If his act was calculated to mislead, and actually has misled, another acting upon it in good faith, and exercising reasonable care and diligence under all the circumstances, that is enough.

*Appeal from an order of the General Term of the Superior Court of the city of Buffalo, reversing a judgment of the Special Term and granting a new trial.*

THE action was brought against the defendants as makers and endorsers of a promissory note, dated the 13th of July, 1857, made by the firm of Williams, Tanner & Co., payable to the order of the defendant Williams, and endorsed by him and also by the defendant Hazard, for $2,000, payable at the Metropolitan Bank in the city of New York, sixty days from the date thereof. The defendant Hazard endorsed the note by writing "M. Hazard," instead of his full name. The note was protested for non-payment. The notice of protest was addressed to "A. C. Hazard, Buffalo," which was the place of the defendant's residence, and was duly mailed. On the 21st of Septem-

ber, 1857, the notice was taken from the post-office in Buffalo by one G. S. Hazard, who retained it until the 23d of the same month, when he delivered it to the defendant. G. S. Hazard had no connection whatever with the defendant. The cause was tried before the court without a jury, who found as facts from the evidence that the defendant's initial in the endorsement was so written that a person not acquainted with his christian name, and who did not know that the defendant endorsed the note, would read it A. C. and not M.; and that the notary who protested the note read it A. C.; and decided as matter of law that the note was properly protested, and gave judgment against the defendant as endorser. The defendant appealed to the general term of said court, where the judgment of the special term was reversed and a new trial ordered. The plaintiff thereupon appealed to this court from the order of reversal, and stipulated that if said order should be affirmed, judgment absolute should be rendered in the defendant's favor.

*H. W. Rogers*, for the appellant.

*G. B. Hibbard*, for the respondent.

JOHNSON, J. It is to be presumed that the defendant, when he endorsed the note in question, knew when it was payable, and that if it was not paid at maturity, demand of payment and notice of protest might then be made by some official person, who was neither acquainted with him personally, nor with his signature or his manner of making it. The finding by the court assumes that the defendant wrote his own name in the usual manner, and in good faith, in making the endorsement, using the initial only for his christian name; but determines that this initial was written in such a manner that a person not acquainted with the defendant's christian name, would read it A. C. instead of M.; and that the notary who protested the note read it A.

C. The mistake, therefore, of addressing the notice of protest to the defendant as A. C. Hazard, instead of M. Hazard, is directly attributable to the manner and form of the defendant's handwriting in making the endorsement. This raises the question whether the notice thus addressed and sent is not a good notice in law to the defendant; and whether he can make the mistake which he has thus occasioned available, to shield himself from liability. I have been unable to find any adjudged case which meets this precise question. In principle, however, the case falls directly within the rule laid down by several of the elementary writers on the subject of notes and bills of exchange; that when through an error caused by the indistinctness of the writing, the notice does not reach the party in season he is not discharged. Thus, Byles on Bills, at page 207, says: "If the notice miscarry from the indistinctness of the drawer's hand-writing on the bill, he will not be discharged." Chitty says: "The misdirection by mistake, of a letter giving notice of the dishonor, will be no excuse for the consequent delay, unless it were attributable to the default of the drawer or indorser himself." (Chit. on Bills, 8 Am. 8 Lond. ed. 489.) Parsons in his recent work on notes and bills, remarking upon the curious questions which have arisen as to the address, says: "If, for instance, the sender has no better means of knowing how to address the drawer than by his name as written by himself in the bill, and through an error caused by the indistinctness of the writing the notice does not reach the drawer in season, the drawer is not discharged." And it is added: "nor should we say, although on this point we have no authority, that the indorsees would be discharged, for the case seems to come under the rule of impossibility, as the holder has done all he could do." (1 Parsons on Notes and Bills, 485, 6.) Byles and Parsons each cite as authority the case of *Hewit* v. *Thompson* (1 Mood and Rob. 541.) That was a *nisi prius* case, and the notice was sent to the wrong person, and did not reach the

drawer until too late. The mistake arose from the indistinctness of the drawer's writing on the bill. The question was submitted to the jury to consider whether the plaintiff had been led into the error through the indistinctness of the description which the defendant had given of himself in the bill; and if he had, they were instructed the defendant was not discharged. The case is not decisive or controlling as an authority; but the principle seems to be founded in the plainest considerations of justice and good conscience, that a party should be bound by a notice addressed, in accordance with the description he has given of himself by his own hand on the bill or note. The defendant actually received the notice as it was addressed, though not till several days after it was sent, and when it would have been clearly too late under ordinary circumstances. But the error which led to the delay, and the misdescription, were both occasioned by the manner in which the defendant described himself in making his endorsement.

It is claimed in behalf of the defendant, that the plaintiff, as holder, has been guilty of laches, and that as to the plaintiff, there was no necessity whatever of sending such a notice. It is insisted that the plaintiff is presumed to have known the defendant's christian name, and should have sent it correctly to its correspondent in New York. But under the circumstances of this case, it seems to me that no want of diligence can justly be imputed to the plaintiff. The note was sent to the place where by its terms it was payable. When default was made by non-payment, notice had to be given forthwith. There was then no time for inquiry, nor did there appear on the face of the indorsement to be any occasion to make any. There did not appear to be any indistinctness or uncertainty in respect to the signature. It appeared plainly to the notary to be the initials of two christian names, instead of one, and the notice was addressed accordingly. I do not think, in a case like this, there is any presumption of law, that the

plaintiff knew the christian name of the defendant, or was bound to suppose that it was other than what the initials A. C. as they appeared to others might indicate. To my mind it presents the simple case of a mistake in an address of a notice, caused solely by the manner in which the defendant signed the initial letter to his christian name, and for which no one but himself is responsible. And as the notice actually came to him, I think it was a good notice to charge him, notwithstanding the delay and the erroneous address thus occasioned.

· Reasonable diligence is all that is required in any·case; and where a plaintiff acts upon what the defendant appears to have written plainly upon the instrument, that is reasonable diligence, and he is not bound, as between them, to go beyond that and make inquiries. In principle it is somewhat analogous to the case of a drawer or endorser holding himself out as living at a particular place. In such a case if a notice is sent there in consequence, he is estopped from denying the validity of the notice, on the ground that it has been sent to the wrong place. (1 Parsons on Notes and Bills, 495.)

In *Lawrence* v. *Miller* (16 N. Y. R. 235), the mistake of· serving the notice upon another person of the same name, was not caused by any act or omission on the part of the endorser. That case is plainly distinguishable from this, in that material circumstance.

It is not necessary to an equitable estoppel that the party should design to mislead. If his act was calculated to mislead, and actually has misled another acting upon it in good faith, and exercising reasonable care and diligence under all the circumstances, that is enough.

I am of the opinion, therefore, that the order of the general term should be reversed, and the judgment of the special term affirmed.

All the judges concurring, judgment affirmed.