EMILIE LESLIE, RESPONDENT, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY, APPELLANT.

*Premium of insurance — default in payment of, arising from acts of company, not a defense.*

Where the officers of an insurance company are asked by a party beneficially interested in a policy, when a payment of premium will be due, and agree to inform the applicant of the time, and do not give such information, and the time of payment passes by; *held*, that the company can not set up such default as a defense to the payment of the policy, as their act was calculated to and did mislead the plaintiff; nor, in such case, can the company set up that there was a want of consideration for the promise.

APPEAL by the defendant from an order denying defendant's motion for a new trial on the judge's minutes, and from the judgment entered in the action in favor of the plaintiff.   The facts are stated in the opinion.

*H. W. Johnston*, for the appellant.

*A. W. Parker*, for the respondent.

TAPPEN, J. :

The defendants issued a policy for $3,000 on the life of James Leslie, payable on his death to his wife Sarah, provided the premium was paid half-yearly thereon, as specified in the policy. James Leslie survived his wife, and, on her death, became the owner of the policy; and the defendants loaned him $300, upon a pledge of the policy as security. Between June, 1865, and October, 1868, the policy, by various mesne assignments, became vested in the plaintiff, subject to defendants' lien. The plaintiff, not having possession of the policy, or means of knowledge as to due dates of the premium, which she was desirous of paying, caused inquiries to be made of the defendants, at their office, where the policy then was; and such information was not communicated to her, but promise was then made by persons in charge at defendants' office, that such information would be sent her; it was not sent. These inquiries on behalf of plaintiff, were made in April and June, 1870; and on each occasion she was prepared and intended to pay premium on policy, and interest on the $300 loan. When she inquired, in June, the defendants' officers said that the day of payment had passed, and they refused the tender then made by plaintiff, basing the refusal on the ground that the policy had been canceled by non-payment of premium. Plaintiff renewed the tender in December, 1870, and it was refused; and, in March, 1871, James Leslie died. Upon these facts, the plaintiff had a recovery at the Kings Circuit.

The defense interposed by the answer, is, the non-payment of premium which became due June 3d, 1870, and the denial of any promise to send to the plaintiff notice when premium became due. The chief question presented by the defendants for review, is, as to the force of the alleged promise to give plaintiff notice or knowledge of time premiums became due. The defendants claim that the promise was gratuitous, of no binding force, and that defendants are not liable thereon. The defendants claim that a policy, on which they had been receiving premiums for thirteen years, is forfeited by the omission to pay a half-yearly premium, due June 3d, 1870; that the omission to pay operates to discharge the contract. The plaintiff says and proves that the omission to pay was occasioned by the act of the defendants. The fact of the

defendants' possession of the policy, justified the plaintiff in having recourse to them for that information, on which she must act and rely to enable her to keep the contract. They promised so to inform her ; they had knowledge, and, so far as it appears, exclusive knowledge of the essential fact whereof information was sought. They promised to send that information to her. Now, whether this was or was not a gratuitous promise, it aided in the creation of that default in payment, on which defendants rely to defeat the policy. This act of the defendants was calculated to, and did, mislead the plaintiff. It prevented, or tended to prevent, the plaintiff from performing an obligation toward the defendants which she was endeavoring, in good faith, to perform ; and, under such circumstance, the law will not permit the defendants to say there was no consideration for the promise. And this proposition may be illustrated in two ways : if, in answer to plaintiff's inquiry, the defendants' officer had stated the day of payment as being later than it actually was, and the plaintiff, acting on that information, had tendered payment at the later day, the defendants could not have avoided the policy; or, defendants having promised to notify the plaintiff, in answer to an earnest inquiry which the plaintiff then made for the necessary information, with intent then and there to pay the premium, such unperformed promise being then relied on by the plaintiff, will have the effect of preventing a forfeiture of the policy. Cases analogous in principle uphold this view, on the ground of equitable estoppel. *

The policy was a life policy, because of the following clause : " It is hereby agreed that this policy may be continued in force from time to time, until the decease of the said James Leslie, provided the assured shall duly pay, etc., the half-yearly premiums due third June and December." And, the default in payment not being attributable to the plaintiff, she may recover within the principles in *Cohen* v. *Mutual Ins. Co.,* † and *Sands* v. *New York Ins. Co.* ‡

*Howell* v. *Knickerbocker Life Ins. Co.* § is cited by appellant, but it does not aid the defense. The plaintiff's right to recover is not upon a naked or gratuitous promise of the defendants, but it

---

* Manufac. Bank v. Hazard, 30 N. Y., 226; Plumb v. Cattaraugus Ins. Co., 18 id., 392.

† 50 N. Y., 610.          ‡ Id., 626.          § 44 N. Y., 276.

is because the defendants caused, or contributed to, the plaintiff's omission to pay the premium the day it was due; and defendants cannot avail themselves of, or base a defense on, a situation created by themselves. The judgment should be affirmed, with costs.

Present — TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.