## LESLIE V. KNICKERBOCKER LIFE INSURANCE COMPANY.

*Insurance — life policy — non-paymemt of premium — Estoppel.*

An insurance company who had insured the life of L. loaned L. money upon a pledge of the policy, of which the company took possession. E., to whom the policy was payable, for the purpose of keeping it alive, before the premium was due applied to the company for information as to the date at which the same was payable. This the company did not give, but promised to send it to E. They did not send it. Subsequently E. called at the company's office and offered to pay the premium, but it was refused upon the ground that the time of payment had passed. *Held,* that the company were estopped from claiming that the policy had lapsed by reason of the non-payment of the premium when due.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury and from an order denying a new trial.

The action was brought in Kings county by Emelie Leslie against the Knickerbocker Life Insurance Company to recover upon an insurance policy issued by defendant upon the life of James Y. Leslie. Sufficient facts appear in the opinion.

*H. W. Johnson,* for appellant, cited *Howell* v. *Knickerbocker Life Ins. Co.,* 44 N. Y. 276 ; *Bridge* v. *Payson,* 5 Sandf. 210 ; *Coffin* v. *Reynolds,* 37 N. Y. 640 ; *Perkins* v. *Giles,* 53 Barb. 342 ; *Wright* v. *Delafield,* 25 N. Y. 270 ; *Carpenter* v. *Goodwin,* 4 Daly, 89.

*A. W. Parker,* for respondent.

TAPPEN, J. The defendants issued a policy for $3,000 on the life of James Y. Leslie, payable on his death to his wife Sarah, provided the premium was paid half yearly thereon, as specified in the policy. James Y. Leslie survived his wife, and on her death became the owner of the policy, and the defendants loaned him $300 upon a pledge of the policy as security. Between June, 1865, and October, 1868, the policy by various mesne assignments became vested in the plaintiff subject to the defendants' lien.

The plaintiff not having possession of the policy, or means of knowledge as to due dates of the premium which he was desirous of paying, caused inquiries to be made of the defendants at their

office where the policy then was, and such information was not communicated to her, but promise was then made by persons in charge at defendants' office that such information would be sent her, but it was not sent. These inquiries on behalf of plaintiff were made in April and June, 1870, and on each occasion she was prepared and intended to pay premiums on the policy, and interest on the $300 loan. When she inquired in June the defendants' officers said that the day of payment had passed, and they refused the tender then made by plaintiff, basing the refusal on the ground that the policy had been canceled by non-payment of premium; plaintiff renewed the tender in December, 1870, and it was refused, and in March, 1871, James Y. Leslie died.

Upon these facts the plaintiff had a recovery at the Kings circuit.

The defense interposed by the answer is the non-payment of the premium which became due June 3, 1870, and the denial of any promise to send to the plaintiff notice when the premium became due. The chief question presented by the defendants for review is, as to the force of the alleged promise to give plaintiff notice or knowledge of time when premium became due. The defendants claim that the promise was gratuitous, of no binding force, and that defendants are not liable thereon. The defendants claim that a policy on which they had been receiving premiums for thirteen years is forfeited by the omission to pay a half yearly premium due June 3, 1870, and that the omission to pay operated to discharge the contract. The plaintiff says and proves that the omission to pay was occasioned by the act of the defendants.

The fact of the defendants' possession of the policy justified the plaintiff in having recourse to them for that information on which she must act and rely to enable her to keep the contract; they promised so to inform her; they had knowledge, and, so far as it appears, exclusive knowledge of the essential fact whereof information was sought; they promised to send that information to her. Now whether this was or was not a gratuitous promise, it aided in the creation of that default in payment on which defendants rely to defeat the policy. This act of the defendants was calculated to, and did, mislead the plaintiff. It prevented or tended to prevent the plaintiff from performing an obligation toward the defendants which she was endeavoring in good faith to perform, and under such circumstances the law will not permit the defendants to say there was no consideration for the promise.

And this proposition may be illustrated in two ways. If, in answer to plaintiff's inquiry, the defendants' officers had stated the day of payment as being later than it actually was, and the plaintiff acting on that information had tendered payment at the later day, the defendants could not have avoided the policy. Or defendants having promised to notify the plaintiff, in answer to an earnest inquiry which the plaintiff then made, for the necessary information, with intent then and there to pay the premium, such unperformed promise being then relied on by the plaintiff will have the effect of preventing a forfeiture of the policy. Cases analagous in principle uphold this view on the ground of equitable estoppel. *Manuf. Bank* v. *Hazard*, 30 N. Y. 226; *Plumb* v. *Cattaraugus Ins. Co.*, 18 id. 392.

The policy was a life policy because of the following clause: "It is hereby agreed that this policy may be continued in force from time to time until the decease of the said James Y. Leslie, provided that the said assured shall duly pay," etc., the half yearly premium "on or before the third day of June and December." And the default in payment not being attributable to the plaintiff, she may recover within the principles laid down in *Cohen* v. *Mutual Life Ins. Co.*, 50 N. Y. 50, and *Sands* v. *N. Y. Life Ins. Co.*, id.

*Howell* v. *Knickerbocker Life Ins. Co.*, 44 N. Y. 276, is cited by appellant, but it does not aid the defense. The plaintiff's right to recover is not upon a naked or gratuitous promise of the defendants, but it is because the defendants caused or contributed to the plaintiff's omission to pay the premium the day it was due, and defendants cannot avail themselves of, or base a defense on, a situation created by themselves.

The judgment should be affirmed, with costs.

*Judgment affirmed.*