AARON McCONNELL, RESPONDENT, v. FRANKLIN D. SHERWOOD, AS SHERIFF OF STEUBEN COUNTY, APPELLANT.

*General assignment — construction of — a power given to the assignee to compromise with creditors invalidates it — a power to compromise with debtors also invalidates it — when the assignee is estopped from claiming that goods, seized under execution against his assignor, belonged to him individually.*

A debtor made a general assignment by which he directed the assignee to sell the property, and after paying the costs and charges and expenses of executing the trust " to distribute and pay the remainder of the said proceeds to all the creditors of said party of the first part, for all debts and liabilities which the said party of the first part may be owing or indebted to any person whatever "; if the proceeds were insufficient to pay the debts in full then they were to be paid *pro rata.*

*Held,* that the assignment only authorized the payment of those debts which were existing at the time of its execution, and not such as the assignor might subsequently contract.

The assignment further provided, " that the party of the second part may have the right to compromise with the creditors of the party of the first part for all his debts and liabilities which the party of the first part may be owing or indebted to any person if, in the opinion of the second party, it would be advantageous to the party of the first part and to the creditors of the party of the first part."

*Held,* that the power given to the assignee to compromise with the creditors of the assignor rendered the assignment void.

*Semble,* that a provision in the assignment authorizing the assignee to collect the debts and accounts, taking a part for the whole, when he should deem it expedient so to do, rendered the assignment void.

The assignee after taking possession under the assignment of the goods, consisting of the stock of a country merchant, purchased individually a chest of tea and a small quantity of sugar and kerosene, to aid in selling the remainder of the stock. The defendant, the sheriff, levied under executions against the assignor upon the stock in the hands of the assignee, claiming the assignment to be void. At the time of the levy the assignee claimed that the chest of tea belonged to him individually, and the same was not seized. Neither at the time of the levy nor at that of the sale did the assignee ever claim that the sugar or kerosene belonged to him otherwise than as assignee.

*Held,* that the assignee was estopped from claiming, in an action brought against the sheriff to recover the proceeds of the goods sold by him, that the sugar and kerosene belonged to him individually and not as assignee.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Steuben Circuit, and from an order

denying a motion for a new trial made upon the judge's minutes. The action was brought to recover the value of certain personal property alleged to have been converted by the defendant.

*J. F. Parkhurst*, for the appellant. The provision in the assignment by Van Housen to the plaintiff, giving the right to the assignee to compromise with the creditors, when he shall deem it advantageous to the assignor and the creditors, renders this assignment void on its face. First: Because it gives the assignee the right to give preferences. (*Wakeman* v. *Grover*, 4 Paige, 441; *Grover* v. *Wakeman*, 11 Wend., 203; Burrill on Assignments [3d ed.], 310; Bump on Fraudulent Conveyances [2d ed.], 419; Bishop on Insolvent Debtors, 193; *Hudson* v. *Maze*, 4 Ill., 578; *Smith* v. *Leavitts*, 10 Ala., 92; *Works* v. *Ellis*, 50 Barb., 512; *Keevil* v. *Donaldson*, 20 Kan., 165; *Bennett* v. *Ellison*, 1 Am. Ins. Rep.; 26 id. [23 Minn.], 242; *Whitney* v. *Kelley*, 67 Me., 377; *Smith* v. *Hurst*, 10 Hare, 30; *Boardman* v. *Halliday*, 10 Paige, 227; *Barnum* v. *Hempstead*, 7 Paige, 568.) When the authority to do the illegal act appears upon the face of the instrument, it is conclusive evidence of the fraudulent intent, and the court must hold the instrument void as a matter of law. (*Sheldon* v. *Dodge*, 4 Denio, 218; *Nichols* v. *McEwen*, 17 N. Y., 22; *Goodrich* v. *Downs*, 6 Hill, 438; *Southard* v. *Benner et al.*, 72 N. Y., 431; *Cavanaugh* v. *Beckwith*, 44 Barb. 192; *Benedict* v. *Huntington*, 32 N. Y., 223; *Nicholson* v. *Leavitt*, 2 Seld., 520; *Barney* v. *Griffin*, 2 Coms., 365; *Edgell* v. *Hart*, 9 N. Y., 219; *Mittnacht* v. *Kelley*, 3 Keyes, 407; *Goodrich* v. *Downs*, 6 Hill, 438.) Second: It is contrary to the policy of the assignment law, that the assignee should be made the agent of the assignor for buying releases from the creditors for the assignor. (2 Edmonds Stat., p. 140, § 1; *Willson* v. *Robertson*, 21 N. Y., 587; *Durham* v. *Whitehead*, id., 133; *Whitney* v. *Kelley*, 67 Me., 379; *Wyles* v. *Beals*, 1 Gray, 233; id., 239; *Holdridge* v. *Gillespie*, 2 Johns. Ch., 30; *Ackerman* v. *Emmott*, 4 Barb., 626; *Chapin* v. *Weed*, Clarke, 464; *Hawley* v. *Cramer*, 4 Cow., 717; *Gould* v. *Gould*, 36 Barb., 270; *Colburn* v. *Morton*, 1 Abb. Ct. App. Dec., 378; *Monroe* v. *Alaire*, 2 Cai., 320; *Quackenbush* v. *Leonard*, 9 Paige, 334; 3 Atk., 37; 3 P. Wms., 249; 1 Salk., 155.) Third: The

power to compromise vitiates the assignment, because it authorizes the assignee to delay the distribution of the estate, in defiance of the court and for the benefit of the assignor. (*McCleery* v. *Allen*, 7 Neb., 21 ; *Nicholson* v. *Leavitt*, 2 Seld., 520 ; *Bennett* v. *Ellison, supra; Works* v. *Ellis*, 50 Barb., 512 ; *Boardman* v. *Halliday*, 10 Paige, 223 ; *Goodrich* v. *Downs*, 6 Hill, 438 ; *Barney* v. *Griffin*, 2 Coms., 365 ; *Benedict* v. *Huntington*, 32 N. Y., 223.) The assignment is also void because of the provisions authorizing the assignee, in collecting the notes and accounts, to take "*a part for the whole when he shall deem it expedient.*" Under it the assignee, whenever he deems it "*expedient,*" may accept a part for the whole of any note or sum, *whether good or bad, without permission of the county judge or application to him*, and without showing any "good and sufficient cause," and by this provision the assignee is exonerated from all liability therefor if he acts in good faith. (*Litchfield* v. *White*, 7 N. Y., 438; Burrill on Assignments, 14 ; *Hutchinson* v. *Lord*, 1 Wis., 286 ; Bump on Fraudulent Conveyances, 414 ; *Olmstead* v. *Herrick*, 1 E. D. Smith, 310 ; *Metcalf* v. *Van Brunt*, 37 Barb., 621 ; *Woodburn* v. *Mosher*, 9 Barb., 255 ; *Dow* v. *Platner*, 16 N. Y,, 562.) The plaintiff is estopped from now asserting his individual ownership, because he voluntarily mixed his own with the assigned property, and purposely concealed the fact from the sheriff, for the purpose of leading the sheriff to believe that the property all belonged to the Van Houston estate. (*Hart* v. *Ten Eyck*, 2 Johns. Ch., 108; *Lupton* v. *White*, 15 Vesey, 432; *Dezell* v. *Odell*, 3 Hill, 215; *Young* v. *Bushnell*, 8 Bosworth, 1; *Plumb* v. *The Cattaraugus County Mut. Ins. Co.*, 18 N. Y., 394; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 483; *Smith* v. *Hill*, 22 Barb., 656.)

*Wm. Rumsey*, for the respondent.

TALCOTT, P. J. :

This is an action brought against the sheriff of Steuben county, for the seizing and conversion of certain personal property, constituting a stock of goods with which one Ward B. Van Housen had been carrying on business as a merchant at Howard, in said county.

On the twenty-seventh day of November the said Van Housen, being pressed by his creditors, made and executed an assignment to the plaintiff of all his goods and effects, for the benefit of all his creditors *pro rata*, and the plaintiff accepted the said assignment, and gave the necessary security under the statute, and assumed to go on and sell and dispose of the said goods and merchandise by virtue of the said assignment; and while he was so engaged the defendant, as sheriff of the county, and by virtue of several executions to him issued and delivered, levied upon so much of the said stock as remained unsold, and thereafter proceeded to sell so much thereof as was necessary to realize the amount of the said executions. The assignment to the plaintiff was upon the following trusts and conditions :

" First. To pay the costs and charges of these presents, and the expenses of executing the trust declared and set forth herein.

" To distribute and pay the remainder of said proceeds to all the creditors of the said party of the first part, for all debts and liabilities which the said party of the first part may be owing or indebted to any person whatever; provided, however, that if there is not sufficient funds for the payment of all the debts of the said party of the first part, then the said debts are to be paid *pro rata*, or in proportion to their respective demands.

" Third. That the party of the second part may have the right to compromise with the creditors of the party of the first part for all his debts and liabilities, which the party of the first part may be owing or indebted to any person, if, in the opinion of the second party, it would be advantageous to the party of the first part and the creditors of the party of the first part. The rest, residue and remainder, if any there be, after paying said costs, charges, expenses and debts, as aforesaid, the said party of the second part is to pay over to the said party of the first part, his executors, administrators or assigns."

Sundry objections are made to the validity of this assignment.

It is urged that the assignment is void because it does not confine the distribution of the amount realized from the assigned property to the payment of such debts and claims as existed against the assignor at the time of the assignment, but authorizes the payment of debts which might be afterwards contracted by

the assignor. If this be the true construction of the assignment, it would undoubtedly be void for that reason. But it is doubtful whether this can be the true meaning and construction of the instrument.

The doctrine applied to these assignments, like other instruments and conveyances, is that if two constructions are possible, one of which renders the instrument void, and the other renders it valid, that construction is to be adopted which makes it consistent with law, *ut res magis valeat quam pereat*, and we think it reasonable to construe this assignment as relating to the present tense, and to the debts and liabilities of the assignor which existed or had been incurred at or before the making of the assignment. (*Brainerd* v. *Dunning*, 30 N. Y., 211; *Townsend* v. *Stearns*, 32 id., 209, 214.)

The clause, however, by which the assignee is authorized to compound with the creditors of the assignor for any sums for which he may be indebted to any person, seems to fall within the condemnation of the adjudged cases, especially the leading case of *Wakeman* v. *Grover*, 4 Paige, 23 ; and *Grover* v. *Wakeman*, 11 Wend., 187. (See also *Boardman* v. *Halliday*, 10 Paige, 227; *Dunham* v. *Waterman*, 17 N. Y., 9.)

If, as a matter of fact, it appears that the intent of the assignor in making the assignment was to enable him to make a compromise with his creditors, the assignment is fraudulent and void, though the terms of the instrument do not expressly empower the assignee to make compromises, and where the authority to do the act is conferred in express terms by the assignment itself, it must be equally void. (*Work* v. *Ellis*, 50 Barb., 512; *Bennett* v. *Ellison*, 23 Minn., 242.) It has a tendency to coerce the creditors to accept less than the full amount of their debts, and to release the debtor. The assignee in this assignment is given the right to use this power, if, in *his* opinion, it would promote the interests of the assignor and his creditors; and the assignee is not permitted to show that he did not intend to avail himself of this power, or use this discretion. (*Barney* v. *Griffin*, 2 Comst., 365; *Goodrich* v. *Downs*, 6 Hill, 438.) True, a debtor, while he remains in the possession and control of his property, may compromise with any or all of his creditors. But when he makes an as-

signment of all his property, he has put his property out of his hands and possession so as to be screened from the process of the law, by which collection can be enforced, and being beyond the reach of legal process, he may the more easily operate upon the fears of his creditors, and induce compromises by them which they might not submit to, if his property were in his own possession, and open to the action of legal process. " The only ground upon which the validity of voluntary assignments can rest is, that they contemplate nothing but a distribution of the debtor's property to his creditors in some way," as was said by Senator Tracy in *Grover* v. *Wakeman, supra*. " The only safe rule is to regard every assignment which operates to delay creditors for any purpose whatever not distinctly calculated to promote their interest, as contrary to the policy of the statute of frauds." We are, therefore, of the opinion that the assignment in this instance was void upon its face, as calculated to hinder, delay and defraud the creditors of the assignor.

We think also that the assignment in this instance was probably void by reason of a provision contained in it, and not before quoted, viz. : that part of the assignment which, in authorizing the assignee to collect the debts and accounts due to the assignor, empowers him " when the party of the second part shall deem it expedient so to do," to take a part of the whole debt, in other words, conferring upon the assignee the power to compound for the debts due to the assignor, if he, the assignee, shall deem it expedient.

Though an assignee may exercise such a discretion in a proper case, still, on the settlement of his accounts, his action in that respect is open to the examination of the creditors and of the court, and may by them be challenged for negligence, improvidence or interested motives; whereas, by this assignment, it seems to have been intended that the " discretion " of the assignee shall solely determine the question, whether he will accept a part instead of the whole of a debt due to the assignor, and to substitute such discretion as the final and sole arbiter in the premises in place of the rules of law, and the opinions of the courts. (*Townsend* v. *Stearns*, 32 N. Y., 215, 216.)

It seems that the plaintiff as he claims, with a view of aiding

the sale of the balance of the stock, had purchased a small quantity of sugar, some kerosene, and a chest of tea, which he had added to the stock, and which at the time of the levy was mingled with the residue of the stock and was being sold by Van Housen and the plaintiff indiscriminately as part of the assigned stock. The sheriff was ignorant of the fact that the plaintiff had made those purchases, and of the fact that any portion of the stock belonged to the plaintiff individually.

At the time of the levy the plaintiff did not claim any title to any part of the property, except the chest of tea, which he stated to the sheriff belonged to him individually, saying, "you have got a chest of tea here which belongs to me individually, I suppose you have no objection to my taking it?" and by the sheriff's consent he took the chest of tea, making no claim to any other property except as assignee. The plaintiff also, before the sale, demanded the property levied on as assignee, saying, "I came to make a demand of you as assignee of those goods." And the sheriff having no knowledge or intimation of any claim on the part of the plaintiff, that any part of the goods seized was claimed by the plaintiff, except as assignee of Van Housen, under the said assignment went on and sold the stock, including the said sugar and kerosene as the property of Van Housen. The sale was duly advertised, the plaintiff attended the sale, and was present at the sale most of the time. He forbid the sale on the executions expressly in his character of the assignee of Van Housen, not claiming or pretending to any other title to any of the property sold, nor but that the whole of the goods sold were portions of the goods assigned to him under the assignment; under these circumstances it would be manifestly inequitable and unjust now to allow the plaintiff, as against the sheriff, to set up that he owned individually a small portion of the goods levied on by the sheriff and assumed to be a part of those assigned by Van Housen. By his silence on the subject the sheriff was misled and induced to believe that all the property levied on and sold except the chest of tea was properly embraced in Van Housen's assignment. "A man who will be silent when his conscience commands him to speak shall not be permitted to speak when his conscience commands him to be silent."

We think the plaintiff is estopped from claiming as against the sheriff, that he had any title to the sugar and kerosene, which he claims to have purchased with his own money and to belong to him individually and not as assignee. (*Thompson* v. *Blanchard*, 4 Comst., 303; *Dezell* v. *Odell*, 3 Hill, 215; *Everett* v. *Saltus*, 15 Wend., 474; *Saltus* v. *Everett*, 20 id., 268; *Dows* v. *Morewood*, 10 Barb., 183; *Smith* v. *Hill*, 22 id., 656; *People ex rel. Knapp* v. *Reeder*, 25 N. Y., 302; *Roth* v. *Wells*, 29 id., 471.) It is not necessary to an equitable estoppel that the party should design to mislead. If his act was calculated to mislead and actually has misled another who acted upon it in good faith, and in the exercise of reasonable care and diligence under all the circumstances, that is enough. (*Manf. and Traders B'k* v. *Hazard*, 30 N. Y., 226; *Roth* v. *Wells* [*supra*], 29 id., 486.)

We think, therefore, that the plaintiff was not entitled to recover for the sugar and kerosene claimed to have been added to the stock after the assignment. And the assignment being in our judgment void in law upon its face, the judgment and order denying a new trial must be reversed.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order reversed and new trial ordered, costs to abide the event.