THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENTS, v. GEORGE W. NYCE, APPELLANT.

*Evidence — one tried for practicing medicine without a license must prove that he has
it — the authority of the institution to issue a diploma must be proved by the party
claiming under it — unconstitutionality of a law of another State — it is not con-
clusively established by reading a case from the reports of that State holding it to be
unconstitutional.*

The defendant was convicted of the offense of practicing medicine, without being
authorized so to do "by a license or diploma from some chartered school,
State board of medical examiners or medical society." On the trial he admit-
ted that he had practiced medicine at the time and place charged in the
indictment, whereupon the prosecution rested.

*Held,* that the court properly denied a motion then made by the defendant to be
discharged; that upon its being established that he had practiced medicine
it was incumbent upon him, in order to avoid the penalty imposed for the
alleged unlawful act, to show that he had a license or diploma.

Upon the trial the defendant offered to prove that he had studied medicine in
Philadelphia, at the University of Medicine and Surgery, and had graduated
there and received a diploma, which had been burned. The court refused to
receive the evidence unless it was first shown that the said university was a
chartered school, having authority to issue diplomas.

*Held,* no error. (LANDON, J., dissenting.)

The defendant testified that he had been examined by the Kansas Eclectic Medical
Examining Board, and produced a diploma issued to him by it pursuant to a
law of the State of Kansas. The diploma was in due form and complied with
the requirements of the said law, which was put in evidence. The prosecution
then offered in evidence a volume of the Kansas reports and read therefrom a
case in which it was decided that the law referred to was unconstitutional and
void. The court thereupon ruled, as a matter of law, that the diploma was
void and afforded the defendant no defense.

*Held,* that this was error; that even if the report of the case was admissible in
evidence it did not conclusively establish, as against the defendant, that the act
was unconstitutional, but could only be considered by the court, in connection
with other evidence, in determining for itself the invalidity of the said act.

APPEAL by the defendant from a judgment of conviction, entered
in the Warren County Court of Sessions, on a trial on an indictment
charging him with "practicing medicine and surgery in this State
without being authorized so to do by a license or diploma from
some chartered school, State board of medical examiners or medical
society."

The indictment was found under section 356 of the Penal Code.

Upon the trial the defendant testified, among other things, that he studied medicine at Philadelphia at the University of Medicine and Surgery, and graduated there and received a diploma, which was burned in the great fire in Chicago. The court refused to permit evidence to be given of this paper, or diploma, unless defendant first gave proof that the institution was a chartered school.

*H. A. Howard*, district attorney, for the people, respondents.

*J. M. Whitman*, for the appellant.

BOCKES, J. :

The defendant was convicted on indictment at the Warren County Sessions, of the offense of practicing medicine without being authorized so to do " by a license or diploma from some chartered school, State board of medical examiners, or medical society." (Penal Code, § 356 ; 'see, also, Laws of 1874, chap. 436, § 3.)

On the trial the defendant admitted the fact that he had practiced medicine at the time and place charged in the indictment ; whereupon the district attorney rested the case. The defendant then moved for his discharge, on the ground that mere proof that he practiced medicine was insufficient to convict him of so practicing without a license. The court denied the motion. To practice medicine without a license or diploma, issued or granted to the practitioner, as the law requires, is declared a misdemeanor and is punishable as such. It being then proved or admitted that the defendant practiced medicine it was incumbent on him, in order to avoid the penalty imposed for the alleged unlawful act, to show that he did so under the protection of a license or diploma. The burden of proof was on him to show his justification. It has been so decided in many instances in analogous cases where persons were charged with selling liquor without license so to do. (*Potter* v. *Deyo*, 19 Wend., 361 ; *The People* v. *Quant*, 2 Park. C. R., 410 ; *The Mayor* v. *Mason*, 1 Abb., 344.) The motion to discharge the defendant on the ground urged by him was properly denied.

We are also of the opinion that the paper shown to have been accidently burned, called by the defendant a diploma, and by him said to have been issued from the University of Medicine and

Surgery in Philadelphia, was not well proved, if for no other reason than because not shown to have been issued from a chartered school, State board of medical examiners, or medical society having authority to issue it.

This brings us to consider the more important question presented on the appeal. The defendant, who gave evidence in his own behalf, testified that he was examined in 1879, before the Eclectic Board of Medical Examiners of the State of Kansas, meaning undoubtedly the Kansas Eclectic Medical Examining Board ; and that after such examination he received from that board a diploma which he produced. It purported to have been issued by the Kansas Eclectic Medical Examining Board, pursuant to a law of that State, entitled "An act to regulate the practice of medicine and surgery in the State of Kansas," passed and approved February 27, 1879. It bore the signatures of the board of examiners; had its seal impressed thereon, and pronounced the defendant qualified and entitled to practice medicine, surgery and obstetrics. It seems to have been in due form and was issued in conformity with the law of Kansas, above cited, which law was put in evidence. In this state of the case the defendant had shown a good defense   He had shown that his practice of medicine was authorized, inasmuch as he held a diploma from a State board of medical examiners, that is, a board of medical examiners having authority to act in the matter by virtue of a State law.

To meet and answer this condition of the case the district attorney offered in evidence volume 24 of Kansas Reports, and proposed to read therefrom, at page 686, the report of a case entitled, *The State ex rel. the Attorney General* v. *Stormont and others*, decided in the Supreme Court of that State, wherein it was held, as reported, that the act of February 27, 1879, above referred to, was unconstitutional and void. The evidence was admitted against objection, and the court thereupon ruled as matter of law that the defendant was without defense, and so instructed the jury. In this ruling we are of the opinion that the learned court was in error. The evidence was admitted as proof of a fact, to wit, that a law of the State of Kansas was unconstitutional and void. It was ruled that the evidence put in proved the fact, and operated as an estoppel upon the defendant, that is, that of itself it absolutely barred his defense.

The Court of Sessions did not, for itself, assume to determine that the law was unconstitutional, indeed could not, for the constitution of the State was not before the court for its consideration. The evidence was accepted and was acted upon as conclusive proof of the fact decided in the reported case. It was introduced as record evidence of a fact, and was accepted as such. Of course it was not a judicial record, importing absolute verity, yet it was accepted and acted upon as conclusive of the case against the defendant. Nor could this be for another reason, the defendant was not a party to the proceeding, hence could not be concluded by the adjudication therein declared. Had this trial been in Kansas, the reported case might have been read as an authority on the point to be decided; but there, even, it would not be admitted as evidence of a fact in the case necessary to be established by proof. Now, had the Court of Sessions assumed for itself to determine the question presented to it as one of law on an examination of the Constitution, and the law challenged as in violation of it, the case would be quite different. The error of the court consisted in admitting proof of what the law was on a given state of facts, and adopting that proof as conclusive in that regard rather than itself determining it.

But let us go a little further in the examination of the case before us. It is the common law, as recognized and acted upon by courts in other States, that may be proved by parol evidence in our own, when necessary to be established as a fact therein, and the Code of Civil Procedure now gives the rule in that regard. So it is declared that the "unwritten or common law of another State * * * may be proved as a fact by oral evidence;" and further, that the reports of cases adjudged in the courts thereof must be admitted as presumptive evidence of the fact. (Code of Civil Pro., § 942.) But here the common law, as recognized and adhered to in the Kansas courts, was not in question at all; the question was in regard to a statute of that State. Such statute could not be proved by parol, and it could be here assailed and impeached *only* in the same way and by similar proof as could be a statute of our own State.

If it be suggested that the court should have held the Kansas statute unconstitutional, of its own judgment, and therefore that right has prevailed, notwithstanding the erroneous ruling adverted to, the answer is that it did not do so; and, besides, if the reported

case be stricken from the record there is no basis whatever upon any facts before the court for such ruling.

It is now urged that the certificate or diploma produced by the defendant, under which he sought to justify his right to practice, was not indorsed or recorded as the law required; but the indictment does not charge a violation of law in that regard. The defendant can be called upon only to answer the charge made there against him. Our conclusions above stated necessitate a reversal of the conviction and judgment in this case.

Conviction and judgment reversed, new trial granted, and record remanded to Warren County Sessions.

LEARNED, P. J., concurred.

LANDON, J.:

I concur in reversal upon the grounds assigned by my brother BOOKES. I wish to add, with respect to the Philadelphia certificate, that the defendant having first proved it, if it appeared to be regular on its face, the burden of impeaching it then rested with the people.

The defendant, upon grounds of convenience and necessity, is in the first instance required to prove his license or stand convicted of having none; but having complied with this requirement and removed the difficulty which lies at the foundation of this exceptional rule, he is obliged to go no further than the necessity requires.

Judgment and conviction reversed, new trial granted.