BENJAMIN BLAIR, Appellant, *v.* WILLIAM G. WAIT et al., Respondents.

It is not necessary to an equitable estoppel that the party should design to mislead; it is enough if the act or declaration was calculated to, and did in fact, mislead an other acting in good faith and with reasonable diligence.

This action was upon a judgment; the defence was that the judgment had been settled and discharged. It appeared on the trial that, seven years after the rendition of the judgment, defendants, who had failed and were negotiating with their creditors for a compromise, agreed with one E., who was the attorney of record for plaintiff, and who assumed to own the judgment, to pay him, in settlement thereof, ten per cent. of the judgment, to procure a release to him of an interest in certain real estate, and to make a settlement of a suit pending against the estate of E's father; they performed their agreement, and E. executed to them a satisfaction of the judgment. Evidence was given tending to show that E. was, in fact, the owner of said judgment; also that plaintiff represented to one of the defendants, at the time of the negotiations for a settlement, that E. was the owner and had the right to cancel it, and if defendants settled with him it would be all right, upon which statements defendants relied and acted. *Held,* that the evidence was sufficient to sustain a verdict for defendants; that plaintiff was estopped by his declaration even if he remained the owner of the judgment.

Also *held,* that the principle that part payment would not amount to a satisfaction and discharge of an entire debt, could not be invoked by plaintiff, as it did not apply when the settlement was part of a general compromise; also that the release of the interest in the real estate and the settlement of the suits with the money paid constituted a full and

sufficient consideration; that even if the settlement was fraudulent as against other creditors, by reason of superior advantages secured to plaintiff, he could not complain.

(Argued February 21, 1877; decided March 20, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a verdict (mem. of decision below, 6 Hun, 477).

This action was upon a judgment in favor of plaintiff against defendants rendered in 1861. The facts appear sufficiently in the opinion.

*Horace E. Smith,* for the appellant. The satisfaction piece executed by Emmet Blair was unauthorized and invalid. (3 R. S. [5th ed.], 640, § 22; *Lewis* v. *Woodruff,* 15 How. Pr., 539; *Beers* v. *Hendrickson,* 6 Rob., 53, 73; *Simonton* v. *Barrell,* 21 Wend., 362.) Part payment of the judgment did not amount to a satisfaction and discharge of it. (*Bliss* v. *Schwarts,* 64 Barb., 215; *Keeler* v. *Sailsbury,* 33 N. Y., 648, 658; *Seymour* v. *Minturn,* 17 J. R., 169; 6 Rob., 53.) The composition with the creditors did not vary this rule. (*Williams* v. *Carrington,* 1 Hilt., 515, 517, 518.) No estoppel was established by the evidence. (*Dezell* v. *Odell,* 3 Hill, 215, 222, *Otis* v. *Sill,* 8 Barb., 102, 108; *Jewett* v. *Miller,* 10 N. Y., 402, 406; *Breck* v. *Cole,* 4 Sandf., 79; *Beach* v. *Olendorf,* 1 Hilt., 41.)

*Samuel Hand,* for the respondents. Plaintiff was estopped from recovering, even if he owned the judgment. (*Fulton* v. *Nelson,* 37 Barb., 595; *Dezell* v. *Odell,* 3 Hill, 215; *Hinegan* v. *Carahar,* 6 Barb., 252; *M. & Tr. Bk.* v. *Howard,* 30 N. Y., 226; 8 Wend., 483; 25 How., 203, 204.) The compromise and settlement of the judgment was binding, Emmet Blair being authorized to act as plaintiff's agent in the matter. (*Allen* v. *Brown,* 47 Barb., 22; *Bliss* v. *Swartz,* 64 id., 215; *Therawon* v. *Peterson,* 2 Keyes, 636; *Hall* v.

*Merrill*, 9 Abb., 116; *Fellows* v. *Stevens*, 24 Wend., 294; 1 N. Y. S. C. [Parsons' ed.], 651; 64 Barb., 215, 226.)

MILLER, J. The main question controverted upon the trial was whether the judgment upon which this action was brought had been settled and discharged. The attorney of record for the plaintiff, Emmet Blair, assumed to be the owner of and to settle and execute a satisfaction piece of the judgment, seven years after the same was docketed. It is not very material whether Emmet Blair was such owner, provided the judgment was arranged and settled by the authority, or with the assent of the plaintiff, for in either contingency the plaintiff was not entitled to recover.

Upon the trial evidence was submitted to the jury which tended to establish that Emmet Blair was the owner of the judgment in question. There was also proof that the plaintiff had represented to one of the defendants that Emmet Blair was such owner, and had the control of and the right to cancel the same, and that if the defendants settled the same with him, it would be all right. At this time, the defendants, who had previously failed in business, were negotiating for a compromise of their debts with their creditors, and relying upon the statement made by the plaintiff, and acting upon the same, as the testimony tends to establish, made a compromise with Emmet Blair by paying him ten per cent of the amount, took a satisfaction piece of the judgment executed by him as attorney, and compromised with their other creditors by the payment of the same proportion as they paid to Emmet Blair. As a part of the compromise, the defendants also, in addition to the payment of the amount which had been agreed upon, obtained a release to Emmet Blair from a brother of the defendant Wait, of an undivided quarter interest in a tannery property, and they also made a settlement of a suit pending in favor of one E. P. Wait against the estate of Joseph Blair.

As the jury found in favor of the defendants, we are authorized to assume that Emmet Blair was the owner of

the judgment, or that the plaintiff made the statements referred to, and having thus induced the defendants to act, we think that he is now estopped from claiming that the judgment was not settled, even if he was the owner of the same. It is evident that the defendants were influenced by and acted upon the alleged statement as the jury have found, parted with their money relying upon the same, procured a release of real estate for the benefit of Emmet Blair, by reason thereof, and if the plaintiff can recover in this action they would be obliged to pay a large amount on the judgment, for the settlement of which they had paid an adequate consideration, and which they had a right to suppose was released and discharged. They would thus be injured by a recovery, and the case is brought directly within the principle of estoppel which has long been established by the decisions. (*Welland Canal Co.* v. *Hathaway,* 8 Wend., 483; *Dezell* v. *Odell,* 3 Hill, 215.) It is not necessary to an equitable estoppel that the party should design to mislead. It is enough that the act was calculated to mislead and actually did mislead the defendants while acting in good faith, and with reasonable care and diligence, and that thereby they might be placed in a position which would compel them to pay a demand which they had every reason to expect was canceled and discharged. (*M. and Traders' Bank* v. *Hazard,* 30 N. Y., 226.)

The principle is invoked by the plaintiff that part payment did not amount to a satisfaction and discharge of the entire judgment. This rule has no application when the settlement was part of a general compromise by all the creditors of all debts, and in such a case the acceptance of a part of the debt, and a release of the balance, is binding and conclusive. (*Fellows* v. *Stevens,* 24 Wend., 294; *Therasson* v. *Peterson,* 2 Keyes, 636.) It is also a complete answer to this objection that there was not only a payment of money, but a conveyance of an interest in real estate, and a settlement of the suit against the estate of Joseph Blair. These constituted a complete and a sufficient consideration in connection with the ·

money paid.    It is urged that the compromise was fraudu-
lent as to all the creditors except the estate of Joseph
Blair, by reason of advantages secured to the latter.    If
Emmet Blair had authority to compromise the judgment,
then he is not in a position to complain, even if other creditors
have such right, and the plaintiff, whom he represented, is in
the same position.    But even if the plaintiff could now urge
such an objection, the facts presented do not authorize the
assumption, as a matter of law, that the compromise was
fraudulent.    It does not appear what the amount of the claim
belonging to the estate was, or how much was paid for it, or
what was the value of the release of the tannery property.
The claim against the estate was the subject of litigation, and
therefore uncertain, and at most it was a question for the
jury, under proper instructions, to determine whether there
was any evidence of fraud in this respect, if the point had
been made upon the trial, which does not appear to have
been the case.    There was no error in the admission of the
statements and declarations of Emmet Blair, and of his acts,
and what transpired in his presence in reference to the settle-
ment, if he was the owner of the judgment, or had a right
to act in the behalf of the plaintiff in the settlement of the
same.    The judge charged, at the request of the plaintiff's
counsel, that the declarations of Emmet Blair were not evi-
dence against the plaintiff, unless the jury found that, at the
time of making them, he was the owner of the judgment, or
authorized to compromise the same.    This, we think, fully
protected the plaintiff from any improper inference to be
derived from such declarations until the jury had first found
that he had authority to act as owner or in behalf of the
plaintiff, and then they were clearly competent.    If the views
expressed are well founded, the rule laid down by the judge,
upon the question of estoppel, was sound and correct, and the
exception to the same not well taken.    Nor was there any
error in the refusal to charge, as requested, in reference to
the duty of Emmet Blair to sue in his own name.    So far as
the charge is concerned on this subject, it is mainly correct,

and it is not apparent that any error was committed by the judge in this respect, which injuriously affected the plaintiff. The other requests to charge, which were refused, were fully covered by the charge as made, and do not require discussion.

As no error appears, the judgment should be affirmed.

All concur.

Judgment affirmed.