JOHN H. LANE, APPELLANT, v. GEORGE W. NICKERSON, RESPONDENT, IMPLEADED WITH MAGDALENA COLTER AND OTHERS.

*Mortgages recorded at same time — priority of lien between — rights of purchasers.*

Upon the sale of certain real estate the vendor took back two mortgages from the purchaser, one for $1,000 and one for $2,000, both of which were recorded at the same time. The vendor told the purchaser that the $1,000 was to be deemed the first, and the other the second mortgage, and upon the same representation induced one Garrison to purchase the $1,000 mortgage, and the same was subsequently bought by the plaintiff upon the same statement.

*Held,* that the $1,000 mortgage was entitled to priority over the other, as between the plaintiff, and a purchaser of the $2,000 mortgage from the vendor, after his sale of the other to Garrison.

APPEAL from so much of a judgment of foreclosure and sale, entered in this action, as directs that if the proceeds of the sale be insufficient to pay the amounts due the plaintiff and the defendant George W. Nickerson on the mortgages owned by them, with interest and costs, then that they must be divided and applied ratably to both.

*Wheeler & Brown,* for the appellant.

*Abram A. Demarest*, for the respondent.

BARNARD, P. J.:

Nelson Stephens being the owner of certain premises in Rockland county conveyed the same to Magdalena Coulter. In part payment of the purchase-money he took back from Miss Coulter two mortgages ; one for $1,000, payable in five years, and another for $2,000, payable in ten years, both requiring the payment of yearly interest. The $1,000 mortgage contained a recital that it was for the purchase-money, and the $2,000 mortgage did not. Both were recorded at the same moment. At the time of the execution of the mortgages Stephens declared to Miss Coulter that the $1,000 was to be deemed the first mortgage, and the $2,000 the second. While Stephens owned both mortgages he sold the $1,000 mortgage to Daniel Garrison. He told Garrison it was a first mortgage, and that he had purposely made it so, so that he could sell it. Garrison bought it upon such representation, and Stephens made the representation to induce Garrison to buy. As between Garrison and Stephens the case is a clear one, in which Stephens would be estopped from setting up the $2,000 mortgage which he then held, as entitled to equal standing as to priority of lien with the $1,000 mortgage so sold. (*Rice* v. *Dewey*, 54 Barb., 455; *Blair* v. *Wait*, 69 N. Y., 113; *Manufacturers' Bank* v. *Hazard*, 30 id., 226.) There has been nothing which has since occurred to change the relation of these mortgages. Stephens sold the $2,000 mortgage to Nickerson. Nickerson only took what Stephens had to sell, and that was a mortgage which was a second mortgage, although of even date and record. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Schafer* v. *Reilly*, 50 id., 66; *Greene* v. *Warnick*, 64 id., 220; *Crane* v. *Turner*, 67 id., 440.) The plaintiff bought the mortgage for $1,000 of Garrison under the same representation made by Garrison to him that it was a first mortgage. Under the cases last cited he took all the right which Garrison had as against Stephens when Stephens conveyed the $1,000 mortgage. I think the judge erred in decreeing equality of lien to the two mortgages, and that he should have given priority to the $1,000 mortgage of plaintiff.

Judgment reversed, and order modified so as to declare plain-

tiff's mortgage the first lien upon mortgaged premises, with costs of this appeal.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Part of judgment appealed from reversed, and decree modified so as to declare plaintiff's mortgage to be the first lien upon mortgaged premises.