JOHN ACKLEY, as Executor, etc., of PHILANDER ACKLEY, Deceased, Appellant, v. FRANKLIN J. PARMENTER, Respondent.

*Statute of frauds — promise by one to pay the debt of another — estoppel — when a party may disprove facts he has admitted.*

The plaintiff being about to sell certain real estate mortgaged to him by one Silliman under a judgment of foreclosure, the defendant requested him to adjourn the sale saying that the debtor, Silliman, had placed in his hands ferry stock to bid off the property and pay the plaintiff his full debt, but that they were not quite ready, and that he would do so if the sale were adjourned ten days; that Silliman had put ferry stock into his hands for the purpose of paying for this property, and he would be prepared in the course of about ten days to pay for it.

*Held,* that the agreement was void, under the statute of frauds, as being a verbal agreement to answer for the debt of another. (POTTER, J., dissenting.)

If the promise should be construed as one not to pay the debt, but to bid in the property at the sale upon the adjourned day, for the full amount due on the mortgage, *it seems* that it would be void as a verbal agreement for the purchase of land. (Per LEARNED, P. J.)

*It seems,* that the defendant was not estopped, by the statements so made by him, from showing upon the trial of this action that Silliman had not put any ferry stock into his hands for the purpose stated. (Per LEARNED, P. J.; POTTER, J., *contra.*)

APPEAL from a judgment dismissing the complaint upon the merits, entered upon a nonsuit directed at a circuit.

*James Lansing,* for the appellant.

*R. A. Parmenter,* for the respondent.

LEARNED, P. J.:

This is an action on an alleged verbal promise made by defendant to plaintiff. Plaintiff was the mortgage creditor of Silliman. The mortgage had been foreclosed and a sale was about to take place. The alleged verbal promise is stated in somewhat varying ways, all substantially alike. "He said that Mr. Silliman had placed in his hands ferry stock to bid off the property and pay me my full claim if I would postpone the sale for ten days." "If I would adjourn

it ten days he would do so." "He stated that Mr. Silliman had put ferry stock into his hands for the purpose of paying for this property, and he would be prepared in the course of about ten days to pay for it."

The question whether this was an original promise or a promise to pay the debt of another, may be considered in the light of the opinion in *Belknap* v. *Bender* (75 N. Y., 446), which comments upon, and somewhat criticizes, the general language used in *Mallory* v. *Gillett* (21 N. Y., 412). At page 451 it is said : " If it (the promise) be made to the creditor, *after it has become the duty of the promisor under his arrangement with* the debtor to *pay*, then it is valid." That is to say if, in the present case, at the time of the alleged promise the defendant had money from the ferry stock which he was bound to apply to plaintiff's claim, then the promise was valid, because the promisor would have been, at the time, under a legal obligation to pay. And it is further pointed out at page 452 that, in the case then under discussion, the only duty the defendant owed was to convert the property and apply the proceeds upon the debts specified. Now the present case is quite similar on that point. Supposing that the defendant, at the time of the alleged promise, had the ferry stock "for the purpose of paying for this property;" that fact, at the most, would imply only that he was to sell, or otherwise convert, the ferry stock and use the avails to pay the plaintiff's debt. It does not appear that he had done so. In fact the contrary appears. If the defendant's duty, as indicated by the alleged promise, was only to use the ferry stock upon a trust to apply its avails to pay plaintiff's debt, then he was liable only for the proper discharge of this trust. If in discharging that trust he had, before the time of the alleged promise, received the avails of the stock and had then promised to pay the plaintiff's claim, he would have been, at the time, under a duty to pay that claim. Hence, his promise to pay it would have been a promise to pay his own debt.

It seems to me, therefore, that under the clear distinction pointed out in that last case there is nothing in the alleged verbal promise, or in the admissions connected with it, which shows that, at the time of making the promise, the defendant was under a present duty to pay anything to the plaintiff. And under that same case the mere possession of property transferred to the defendant by the debtor,

Silliman, is not enough to make this promise, alleged to have been made by defendant, an original undertaking. The putting of stock into defendant's hands for the purpose of paying this claim would not make defendant liable to pay it until the avails of the stock had been realized. And till then his verbal promise to pay would be a promise to pay the debt of another. And of course a promise to pay the debt of another must not only have a good consideration but must be in writing.

In this view it may not be necessary to inquire whether the defendant was estopped from proving that he had no ferry stock for any such purpose. This had been shown conclusively by the judgment introduced. And if the defendant were estopped by his alleged admissions, we should have this condition of affairs, that the statute of frauds, declaring void parol promises to pay the debt of another, might always be evaded by proof of the promisor's admission at the time of the promise, that he had received moneys from the original debtor. If such an admission, made at the time, is to be treated as an estoppel, so as to prevent the promisor from showing that, in fact, he had not received any such money, then the statute is evaded. A promise, apparently collateral, is conclusively proved to be original, merely by the promisor's admission at the time that it was an original promise. A plaintiff who wishes to collect a bad debt out of some party other than the debtor, need only prove that the other party, in promising to pay the debt, admitted that he had received money from the debtor, and then the defendant is estopped from showing that such was not the fact. I cannot think that this is a proper application of the doctrine of estoppel.

This alleged promise was perhaps not a promise to *pay the debt.* A payment of the debt would have discharged the mortgage; and that does not seem to have been the meaning of the promise. But the promise, as alleged, may perhaps be construed to be a promise to bid the full amount at the sale. Then we have this state of affairs. The plaintiff having a lien on the land, and having acquired by his decree a right to sell that land for the payment of his lien, is about to make the sale. The defendant verbally promises (as we assume) to bid a certain amount at such sale. Is not this, if anything, a verbal agreement to purchase land, and therefore void?

In the view taken above it may be unnecessary to decide this point; but it seems to me to have much weight.

I think the judgment should be affirmed, with costs.

BOARDMAN, J., concurred.

POTTER, J. (dissenting):

This is an appeal from an order directing the dismissal of the complaint and a judgment of nonsuit.

The motion was made at the close of the evidence in the case to which the plaintiff excepted and claimed the right to go to the jury upon the facts in the case, which was denied and an exception taken.

If therefore the facts proved, all or any of them which could by a jury be found in plaintiff's favor, would give the plaintiff a cause of action, the judgment of nonsuit must be reversed and a new trial granted.

It is safe to assume facts most favorable to the plaintiff's contention are those to be found in the testimony of the plaintiff himself and the witness Silliman.

The plaintiff testified substantially to these facts, that he had a judgment for foreclosure of a mortgage executed by the witness Silliman and a sale of the mortgaged premises, and the same were advertised for sale. That defendant on the day advertised for the sale, and at the place and time of sale, requested the plaintiff to adjourn the sale, saying Silliman, the debtor, *has placed in my hands ferry stock* to bid off *the property and pay plaintiff his full debt,* but that they were not quite ready, and if I would postpone the sale ten days he would do so. Plaintiff said he would and did adjourn the sale. That plaintiff relied upon those representations and did not endeavor to get bidders to attend the sale. On the adjourned day the defendant bid off the property on the sale thereof at $1,820, and the same was paid and applied upon the judgment, leaving a deficiency, which this action is brought to recover.

The evidence of the witness Silliman was to a similar effect. From their testimony, was the defendant's promise a binding obligation to pay plaintiff the amount of the deficiency?

Now there can be no doubt that the promise was to pay the debt of Mr. Silliman, a third person, and the promise was not in writing.

Though the debt remains and the original debtor is liable upon it, yet if he transfers property to the promisor and he promises to pay the original debt in consideration of such transfer, or if the promise is made to the creditor after it has become the duty of the promisor, by reason of some new relation between the debtor and promisor, springing out of the fact that property or a fund has been placed in the promisor's hands, and requiring him to act in relation to the property by a return thereof, or to make disposition of the property, or to use it in accordance with his agreement with the debtor, then the promise to pay the debt is not within the statute of frauds.

The case of *Belknap* v. *Bender* (75 N. Y., 448), in the opinion delivered by Judge EARL, and in which all the other members of the court concurred, affords illustrations of the distinction. In that case the debtors of the plaintiff had transferred to the defendant a saw mill with a stock of lumber sawed and to be sawed, to apply the proceeds thereof in payment of the claims of numerous creditors, including the plaintiff; it being understood that the defendant was only to pay the said claims from the proceeds of the said lumber. Judge EARL justly remarked : " This action is brought by plaintiff not for an accounting under the agreement, * * * but to recover the whole sum due him from Ward & McVicker, upon the theory that defendant had absolutely promised to pay it to him. Under that agreement he did not become personally liable to pay the plaintiff; he did not agree to pay plaintiff absolutely or with his own funds. * * * (p. 449). But if Bender had purchased lumber of Ward & McVicker and thus became indebted to them, and in consideration thereof had agreed to pay a portion of his debt to the plaintiff in satisfaction of the amount due him from Ward & McVicker, such a promise would not have been within the statute of frauds (p. 450). * * * If the promise in such case be made to the debtor in consideration of the transfer it is no doubt valid" (p. 451).

There is a clear distinction, and now well settled by the decisions of this and other States, that where the promisor receives property or anything of value from the debtor, and in consideration thereof the promisor assumes the performance of a duty or the payment of a debt, he will be held to its performance or payment. If he were

not so held he would be practically permitted to obtain property without discharging the obligation which formed the consideration of its transfer to him, and thus the debtor as well as the creditor might be both injured and defrauded. In such case the promisor is not to be regarded as simply promising to pay the debt of the creditor, a third person. But a new and more complex relation has come into existence, and one that makes the promisor the principal debtor, and the action in such case is brought to compel him to perform *his* promise. *Lawrence* v. *Fox* (20 N. Y., 268); *Mallory* v. *Gillett* (21 id., 412); *Nichols* v. *Voorhis* (18 Hun, 33), are based upon such distinction. Judge COMSTOCK, in *Mallory* v. *Gillett* (*supra*), says: "Where the law will imply a debt or a duty against any man, his express promise to pay the same debt or perform the same duty must in its nature be original." Judge POLLAND, in *Fullam* v. *Adams* (37 Vt., 397), uses this language: "The party making the promise holds the funds of the debtor for the purpose of paying his debt, and as between him and the debtor it is his *duty* to pay the debt so that when he promises the creditor to pay it, in substance he promises to pay his own debt and not that of another." Throop on Verbal Agreement (vol. 1, p. 535) lays down the rule as follows: "When the promisor absolutely controls the fund, but his application thereof to the payment of the debt due to the promisee will acquit him of a *duty* he owed the person who furnished it, the promise is not within the statute." Now, the statement and promise of the defendant proved were to the effect that the debtor had placed in the promisor's hands ferry stock to pay plaintiff his full debt, and if the plaintiff would adjourn the sale ten days he would do so. It does not appear whether this ferry stock had been transferred to the defendant to convert into money and out of the proceeds to pay plaintiff's debt, or whether the stock had been absolutely sold by the debtor to the defendant, and he had promised, in consideration of such sale, to pay his own debt to the creditor, the plaintiff.

Nor is it, perhaps, material what the exact transaction was; for in either case the defendant, according to this evidence, had absolutely, in consideration of the transfer of the ferry stock to him by the debtor, promised to pay the plaintiff's debt. Whether he would sell the ferry stock for enough to make him good, or to make a profit, is of no moment under this promise. He took the same risk to which

every person is liable who takes a transfer of property and promises in consideration thereof, to pay a certain sum or to do a certain thing.   He may make or he may lose, but he should perform his promise all the same.

But as remarked in the outset, the plaintiff is entitled to have the most favorable finding the jury could make from the evidence. The jury might have found from the evidence that Silliman had sold defendant the ferry stock, and that he agreed to pay the pla'n-tiff's debt therefor.   It cannot be necessary to cite authorities to show that the receipt of the ferry stock, for the purpose indicated by the testimony referred to, and the adjournment of the sale formed a good consideration for the promise.   (*Mallory* v. *Gillett, supra.*)

The defendant introduced in evidence a judgment-roll to prove that the defendant was the owner of ferry stock in his own right, and that he did not hold it as the property of Silliman put into his hands for the purpose represented in the testimony of the plaintiff and Silliman.

This was " objected to by plaintiff as immaterial and incompetent, that the agreement as shown here was that Parmenter had in his possession ferry stock belonging to Silliman sufficient in amount to pay the claim, and that he would pay it."

The objection was overruled, and the plaintiff excepted.

Passing the consideration of the competency or pertinency of the evidence, the objection brings up the question of the estoppel of the defendant to prove that he was the owner of the ferry stock.   The proof offered is not to show that the defendant did not represent that he had in his possession the ferry stock of Silliman, but that he, the defendant, owned it as a matter of fact.   The proof was received and the effect of it was to establish that defendant and not Silliman was the owner of that stock.

We have before seen the fact, that Silliman put ferry stock into the hands of Parmenter to pay this debt.   Is *the* fact essential to make defendant liable to pay this debt.   Without that fact defendant is *not* liable ; but with that fact he *is* liable.   For the purpose of this appeal the defendant had represented it was Silliman's stock, and the plaintiff had relied upon the representation.   It seems very

clear that the learned justice who tried this case committed error in receiving this testimony.

I think the defendant was estopped from proving that *he* was the owner of the stock. The court should have either held, upon this uncontradicted proof of the defendant's declaration, that it was the stock of Silliman, or the court should have allowed the plaintiff to go to the jury, upon the proof of the defendant's declaration, with the other proofs as to the ownership of the stock.

The effect of this proof upon the decision of the case by the court below is plain. The plaintiff proved that the defendant *said* Silliman owned the stock, and that he relied upon it as a fact. The fact represented is to be taken as true, in the motion for a non-suit, and yet the court decided to nonsuit upon the ground that it was not true. The court below after holding from the proof that the defendant was the owner of the stock, decided that it was a simple promise to pay the debt of a third person, and therefore void.

The question was not whether the defendant or Silliman owned the stock, but whether the defendant had estopped himself from showing he owned the stock by his representation that Silliman owned it; and upon which the plaintiff relied. and without which the defendant is not liable to the plaintiff.

We think that the representation that Silliman owned the stock, and that the defendant held it for the purpose of paying the debt, and that the plaintiff relied and acted upon the truth of the representation constituted, within all the cases, an estoppel. (*Blair* v. *Wait,* 69 N. Y., 113, 116.) At all events they constituted an estoppel upon the motion for a nonsuit, because if the evidence had been submitted to the jury, which was refused, the jury might have found an estoppel.

I do not deem it worth while to consider the other points more or less discussed by counsel. The question whether the arrangement was not for the sale of the lands covered by the mortgage is not properly presented upon this appeal, unless it is impossible that the arrangement was to pay the debt. But if the contract *may* have been regarded as a contract to pay the debt, then the court should not have nonsuited the plaintiff, for, as before stated, the plaintiff is entitled to have the case regarded in the most favorable aspect for the maintenance of the action. It was presented in that

aspect upon the trial and upon this appeal. Having reached the conclusion that the case should be retried for the errors committed upon the trial, I do not deem it proper to consider the point that the action cannot be maintained by the plaintiff in his representative capacity.

The case was not tried, nor the nonsuit granted upon that point. It will develop itself upon the next trial, and perhaps may be curable there.

Judgment of nonsuit should be set aside, and new trial granted, costs to abide event.

Judgment affirmed, with costs