(76 Misc. Rep. 190.)

QUEENSBOROUGH GAS & ELECTRIC CO. v. SCHONCKE et al.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

1. ELECTRICITY (§ 11*)—SUPPLY—ACTIONS.

Where an electric company claimed to have supplied defendants with an electrical current, one-half of which was not billed to them because a mistake for which defendants were not to blame was made in the reckoning by plaintiff's employés who took monthly statements from plaintiff's meter, which registered only one-half of the current consumed, for the reason that defendants' motor, which was near the meter and was open to plaintiff's employés for inspection, was a "double-phase motor," it was a question for the jury, in an action for the unpaid half, whether defendants were supplied with more current than the amount billed and paid for, and it was error to direct a verdict for plaintiff for the amount claimed.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

2. ELECTRICITY (§ 11*)—SUPPLY—ACTIONS.

In an action for one-half of an electrical current furnished to defendants, which was not billed to them because of a mistake of plaintiff's

employés, evidence that defendants, in the conduct of their business, added the cost of such current to the prices charged for work done, is competent.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

3. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—EQUITABLE DEFENSES.

An equitable defense to an action in the Municipal Court of the City of New York, tending solely to defeat or reduce plaintiff's claim, was within the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Queens, Fourth District.

Action by the Queensborough Gas & Electric Company against Henry Schoncke and another, doing business under the firm name of Schoncke Bros. From a judgment for plaintiff on a directed verdict, defendants appeal. Reversed, and new trial ordered.

Argued before GARRETSON, STAPLETON, and KAPPER, JJ.

Joseph H. Kohan, for appellants.

William Willett, Jr., for respondent.

KAPPER, J. The pleadings were in writing. The complaint alleges that between the 14th day of May, 1909, and the 29th day of May, 1910, plaintiff furnished electrical current to the defendants of the reasonable value of $339.28, no part of which has been paid except the sum of $180.06, leaving a balance due and owing by the defendants to the plaintiff of $159.22.

The theory of the plaintiff's case may be stated briefly as follows: The defendants were engaged in a manufacturing business. Their machinery was operated by plaintiff's electric power supplied to an electric motor installed by the defendants. The electrical current was measured on plaintiff's own meter which it placed in defendants' plant. The registration or ascertainment of the amount of current consumed by the defendants was made by the plaintiff through its employés monthly, and for the period of a year bills for such current as the plaintiff assumed was used were rendered monthly. Plaintiff claims that the motor of the defendants was what it characterized as a "double-phase motor," and that, where such a motor is in use, its own meter would register but one-half of the actual current consumed. Hence it claims that, by mistake solely, it failed to render the proper bills to the defendants which, if so rendered, would have been for twice the amount of current registered on the meter. This action is brought to recover for the one-half of the current claimed to have been consumed by the defendants and which was not billed and charged to them by reason of this error, which amount, less a trade discount, represents the sum sued for. Plainly speaking, the plaintiff's action is for furnishing a commodity which it manufactured and sold and delivered to the defendants and in the reckoning up of the quantity of which it made a mistake to the extent of fully one-half of the actual amount sold.

[1] The evidence that, during all of the period for which the plaintiff claims the defendants used this extra quantity of current, the defendants made use of a "double-phase motor," was far from con-

vincing. The proof may have sufficed to warrant the conclusion that the plaintiff's method of registration or recording of the amount of current consumed permits it to advance its present claim that it was entitled to make a charge for double the number of kilowatts which the meter indicated. Odd as it may seem to the uninformed mind, the plaintiff's evidence was explicit that the meter would register the same whether the motor were a single or a double phase, and that it was only by the plaintiff's inspection of the defendants' motor that it could be ascertained that the same was a "double-phase motor" and consuming the double amount of current. It is not contended that the defendants were in any wise to blame for the mistake in the bills, or that they withheld any knowledge of the character of the motor from the plaintiff. The motor was in propinquity to the meter and was open to plaintiff's inspection at all times, and, if it be true that it would consume this excess amount of current, that was a fact which the plaintiff knew at all times, but was not a matter of knowledge to the defendants. Its use by the latter was new at the commencement of the period for which the present claim is sought to be imposed, prior to which time the defendants' manufacturing was carried on by a caloric or air engine. At best, the question was one of fact for a jury to say whether the defendants were supplied with more electrical current than the amount for which bills had been rendered and paid, but the court of its own motion directed a verdict for the plaintiff for the amount sued for, to which direction the defendants excepted, and for this error the judgment must be reversed.

As a new trial must be had, another question is presented by this record which will undoubtedly be presented on the retrial and a disposition thereof is now necessary.

[2] The defendants sought to show that in the conduct of their business they added the cost of such electrical current as they believed they were using to the prices charged by them to their customers for work. They contend that the plaintiff was negligent in any mistaken reading of its own meter, and that, in the rendition of the bills monthly by the plaintiff to the defendants of the amount of the current consumed which the plaintiff itself was bound to ascertain and as to which the defendants in no manner participated or contributed, the defendants were not guilty of any wrong, fraud, or deceit, nor of any act which misled the plaintiff, and that they, the defendants, should not now be required to pay the plaintiff for any electrical current which the plaintiff through its own negligence or mistake failed to charge for, as the defendants cannot recoup such loss, and that a refusal to consider this defense works a hardship and an injustice upon them. The claim is presented by appropriate allegations in the defendants' answer. One of the defendants as a witness was asked a number of questions with a view of showing facts from which a finding might have been made that the defendants did actually conduct their business upon the basis of the expenditures incurred in its carrying on, that the cost of the electrical current entered into their operating charges, and that they relied upon the bills presented monthly by the plaintiff as one of the bases of determining this operating cost.

To each and every question of the character indicated a ruling of exclusion was made by the court upon the objection of the plaintiff that the evidence was incompetent, irrelevant, and immaterial. We think this proof should have been received.

The position of the defendants presents the doctrine of an equitable estoppel. It is that the plaintiff by his negligent conduct induced the defendants, acting in reliance thereon, to carry on their business in such a way as to work an injury to the defendants if the plaintiff is to be now permitted to assert its rights to double the amount of its charges.

It may be conceded that the plaintiff did not designedly mislead the defendants. But that the evidence warranted a finding that the plaintiff was negligent to the defendants' injury seems clear, if the contention of the defendants as to the effect of the excluded proof be the fact. While some of the adjudicated cases hold to the effect that to constitute an equitable estoppel the persons sought to be estopped must do some act or make some admission with an intention of influencing the conduct of another, there is abundant authority for the proposition that a mistake arising from carelessness which produces injury to another may furnish a ground for such an estoppel.

"A man is not prevented by estoppel from telling the truth. He is only barred from the assertion of a right or title by some previous action or conduct on his part which would render the present assertion of his right unjust. * * * The equitable doctrine of estoppel may be enforced against one who has been guilty of no deceit but who has through innocent misapprehension induced another to rely upon his statements or conduct." Bispham, Eq. (8th Ed.) § 280.

In Manufacturers' & Traders' Bank v. Hazard, 30 N. Y. 226, 229, the court say:

"It is not necessary to an equitable estoppel that the party should design to mislead. If his act is calculated to mislead, and actually has misled, another acting upon it in good faith, and exercising reasonable care and diligence under all the circumstances, that is enough."

So, also, in Trustees of Brookhaven v. Smith, 118 N. Y. 634, 640, 23 N. E. 1003, 7 L. R. A. 755, it was said:

"It is not necessary, as is claimed in one of the briefs submitted to us, by the appellant, to constitute an equitable estoppel that there should be a false representation or concealment of material facts. Nor is it essential that the party sought to be estopped should design to mislead. If his act was voluntary and calculated to mislead and actually has misled another acting in good faith, that is enough."

See, also, Blair v. Wait, 69 N. Y. 113, 116; Boardman v. Lake Shore & Mich. So. R. Co., 84 N. Y. 157, 181; Conable v. Smith, 61 Hun, 185, 15 N. Y. Supp. 924.

[3] It follows, therefore, that error was committed in excluding the evidence offered by the defendants to establish their defense. This defense, equitable in character, is one which the Municipal Court, under the circumstances existing here, could entertain. While the court is one of statutory, and therefore limited, jurisdiction, an equitable defense not seeking affirmative relief but tending solely to defeat or reduce the plaintiff's claim is cognizable by that court in an action at

law. That must be the rule here where the exclusion of the defense on the ground of its equitable nature would leave the defendants remediless.

Judgment reversed and new trial ordered, costs to abide event.

GARRETSON and STAPLETON, JJ., concur.